IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

NATHAN MEHL,                                      Civ. No. 6:21-cv-01149-AA

            Plaintiff,                            **OPINION & ORDER**

        v.

LG CHEM LTD.;
DOES 1-50,

            Defendants.

_____

AIKEN, District Judge.

    This case comes before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction.  ECF No. 9.  The Court concludes that this matter is appropriate for resolution without a hearing.  For the reasons set forth below, Defendants' motion is GRANTED and this case is DISMISSED.

## LEGAL STANDARDS

    Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal on the grounds that the court lacks personal jurisdiction.  Plaintiff has the burden of showing personal jurisdiction.  *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

> If the district court decides the motion without an evidentiary hearing, which is the case here, then the plaintiff need only make a prima facie showing of the jurisdictional facts.  Absent an evidentiary hearing this court only inquires into whether the plaintiff's pleadings and affidavits

> make a prima facie showing of personal jurisdiction.  Uncontroverted
> allegations in the plaintiff's complaint must be taken as true.  Conflicts
> between the parties over statements contained in affidavits must be
> resolved in the plaintiff's favor.

*Boschetto*, 539 F.3d at 1015 (internal quotation marks and citations omitted, alterations normalized).

"In diversity cases, the court looks to the law of the state in which it sits to determine whether it has personal jurisdiction over the non-resident defendant." *IPSL, LLC v. College of Mt. St. Vincent*, 383 F. Supp.3d 1128, 1135 (D. Or. 2019); *see also Boschetto*, 539 F.3d at 1015 ("When no federal statute governs personal jurisdiction, the district court applies the law of the forum state.").

Oregon Rule of Civil Procedure 4 governs personal jurisdiction issues in Oregon.  Because Oregon's long-arm statute confers jurisdiction to the extent permitted by due process, *Gray & Co. v. Firstenberg Mach. Co., Inc.*, 913 F.2d 758, 760 (9th Cir. 1990), the court may proceed directly to the federal due process analysis. *See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (when state long-arm statute reaches as far as the Due Process Clause, the court need only analyze whether the exercise of jurisdiction complies with due process).

To comport with due process, "the nonresident generally must have certain minimum contacts [with the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (internal quotation marks and citation omitted).  The forum

state may exercise either general or specific jurisdiction over a non-resident defendant. *Boschetto*, 539 F.3d at 1016.

## BACKGROUND

Plaintiff Nathan Mehl is a resident of Eugene, Oregon. Compl. ¶ 1. ECF No. 1.

Defendant LG Chem Ltd. is a Korean company with its headquarters and principal offices in Seoul, South Korea. Lee Decl. ¶ 7. ECF No. 10. LG Chem "does not maintain any physical presence in the United States," but uses "a network of distributors and wholly owned subsidiaries in and throughout the United States that work together to sell various products nationwide." Compl. ¶ 3.

Plaintiff purchased an LG brand lithium-ion 18650 battery cell online through Amazon.com at some point before August 8, 2019. Compl. ¶ 39. Plaintiff used the battery in his e-cigarette. On August 8, 2019, the battery exploded while it was in the pocket of Plaintiff's pants, injuring Plaintiff. *Id.* at ¶ 40.

LG Chem "previously manufactured 18650 lithium-ion battery cells for use by sophisticated companies in specific applications, such as power tools, where the cells are encased in a battery pack with protective circuitry." Lee Decl. ¶ 10. As of December 1, 2020, the 18650 lithium-ion battery cells are manufactured and sold by LG Energy Solution, Ltd., which is a wholly-owned subsidiary of LG Chem. *Id.* at ¶¶ 4, 10. The LG brand 18650 lithium-ion battery cells are not designed or manufactured in Oregon. *Id.* at ¶ 11.

LG Chem "never designed, manufactured, distributed, advertised, or sold 18650 lithium-ion cells for sale to or use by individual consumers as standalone, replacement batteries," and "never authorized any manufacturer, wholesaler, distributor, retailer, re-seller, or other individual or entity to do so," including "for use by individual consumers as standalone, replaceable batteries in e-cigarette devices or for any other purpose." Lee Decl. ¶¶ 12-13, 18. "The 18650 lithium-ion cells manufactured by LG Chem are industrial component products; they are not standalone, replaceable consumer batters and they were not designed to be handled by consumers." *Id*. at ¶ 12. "Consumers could not purchase 18650 lithium-ion battery cells from LG Chem or through LG Chem's website." *Id*. at ¶ 13.

LG Chem did not market or advertise its 18650 lithium-ion cells in Oregon; has no licensed dealers or retailers of 18650 cells in Oregon; and did not authorize or advertise consumer repair or replacement services for 18650 lithium-ion cells in Oregon. Lee Decl. ¶ 14. More specifically, LG Chem "never authorized Amazon.com or any Amazon.com vendors to sell or distribute LG-brand 18650 lithium-ion battery cells for any purpose, and did not authorize Amazon.com or any Amazon.com vendors to sell or distribute LG-brand lithium-ion cells for use by individual consumers as standalone, replaceable batteries." *Id*. at ¶ 16. In addition, LG Chem "did not sell or distribute any 18650 lithium-ion cells to any customer located in Oregon in the three years leading up to Plaintiff's alleged injury on August 8, 2019." *Id*. at ¶ 15.

## DISCUSSION

Plaintiff brings claims for strict products liability, negligence, breach of the implied warranty of merchantability, and for punitive damages. Defendant LG Chem moves to dismiss on the ground that this Court lacks personal jurisdiction. Plaintiff concedes that the Court cannot exercise general personal jurisdiction over LG Chem, Pl. Resp. 10, ECF No. 12, and so the Court will confine its analysis to specific personal jurisdiction.

A court has specific jurisdiction where "the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks and citations omitted). The Ninth Circuit uses a three-part test to determine if a party has sufficient minimum contacts to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) The claim must be on which arises out of or relates to the defendant's forum-related activities; and
>
> (3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Schwarzeneggar v. Fred Martin Moroto Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

The plaintiff bears the burden on the first two parts of the test. *Picot*, 780 F.3d at 1211. If the plaintiff succeeds, "the burden shifts to the defendant to 'set forth a "compelling case" that the exercise of jurisdiction would not be reasonable.'" *Id.* at 1212 (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011)). "The primary focus of [a] personal jurisdiction inquiry is the defendant's relationship to the forum State." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, ___U.S.___, 137 S. Ct. 1773, 1779 (2017).

The first prong of the Ninth Circuit's test to establish specific jurisdiction can be satisfied in two ways: either the non-resident defendant must purposefully direct his activities at the forum state, or the defendant must purposefully avail himself of the privilege of conducting activities in the forum. *Picot*, 780 F.3d at 1212. Purposeful direction, which is analyzed under the *Calder* "effects" test, is limited to claims of intentional tort. *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007); *see Calder v. Jones*, 465 U.S. 783, 788-89 (1984) (distinguishing between intentional action and "mere untargeted negligence"). When considering claims such as "strict products liability, negligent products liability, and negligence," courts will apply the purposeful availment test. *Alvin Macias v. LG Chem*, Case No. SA CV 20-02416-DOC-(ADSx), 2021 WL 2953162, at *3 (C.D. Cal. May 7, 2021).

### I. Purposeful Availment

The purposeful availment analysis asks "whether a defendant has purposefully availed himself of the privilege of conducting activities within the forum State, thus

invoking the benefits and protections of its laws." *Picot*, 780 F.3d at 1212 (internal quotation marks and citation omitted, alternations normalized). The "[p]urposeful availment analysis examines whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff." *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988). "In order to have purposefully availed oneself of conducting activities in the forum, the defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business with the forum state." *Id.*; *see also Walden*, 571 U.S. at 284 (quoting *Burger King*, 471 U.S. at 475) (noting that the relationship with the forum "must arise out of contact that the 'defendant *himself*' creates with the forum State.") (emphasis in original).

"A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzeneggerer*, 374 F.3d at 802. Courts should also consider "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Burger King*, 471 U.S. at 479.

Here, Plaintiff contends that LG Chem "has purposefully availed itself of the privilege of conducting its lithium-ion battery business in Oregon by selling its batteries to Oregonians, through Oregon ports." Pl. Resp. 12. In support of this, Plaintiff has offered evidence that 170 import records identified as being shipments from LG Chem arrived in Oregon ports between November 2006 and October 2021;

that 239 import records identified as shipments from LG Chem cosigned by a cosignee with an Oregon address arrived at any U.S. port in the same period; and that 161 import records identified as shipments from LG Chem with a notifying party with an Oregon address arrived in U.S. ports in the same period.  Bonenfant Decl. ¶¶ 20-22.  ECF No. 13.  Plaintiff also submits evidence related to the use of LG batteries in electric scooters, e-bikes, and other electric vehicles in Oregon and elsewhere in the United States.  Craig Decl.  ECF No. 14.

The Supreme Court has held, however that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 112 (1987)  Additional conduct such as "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State," could be sufficient to establish purposeful availment.  *Id.*

Courts within the Ninth Circuit have rejected claims of specific personal jurisdiction in factually similar cases against LG Chem.  In *Yamashita v. LG Chem Ltd.*, Case No. 20-cv-00129-DKW-RT, 2020 WL 4431666 (D. Haw. July 31, 2020), the court noted that there was "no evidence of some special Hawaii-related design, advertising, advice, marketing, or anything else that might support the notion that LG Chem targeted Hawaii," and that it was "undisputed that with respect to the particular batteries at issue, LG Chem does not advertise or otherwise solicit business

in Hawaii; has no relationship with any retailer or distributor in Hawaii for the sale of these batteries; and has never sold or shipped such a battery to any customer located in Hawaii." *Id.* at *9 (internal quotation marks omitted). Here, Plaintiff has demonstrated that LG Chem has shipped goods to the United States through Oregon ports, but not that those shipments were related to the sale of LG-branded 18650 lithium-ion batteries to retail consumers as replacement batteries. *See Yamashita*, 2020 WL 4431666, at *10 n.13 (finding that the plaintiff's "evidence regarding less than 100 shipments of some kind of lithium-ion batters LG chem delivered to the port of Honolulu does not command a different outcome, given that Yamashita has not shown that Hawaii was the final destination for those batteries," and "has only a hunch that these batteries might be the type that is the subject of this lawsuit," especially when weighed against LG Chem's unrebutted evidence "that LG Chem has never distributed or sold any of the Subject Batteries or any other 18650 lithium-ion cells in Hawaii.") (internal quotation marks omitted, alterations normalized).

In addition, the Complaint alleges that Plaintiff purchased the battery in question online through Amazon.com and LG Chem has presented uncontroverted evidence that it does not sell its 18650 lithium-ion batteries to retail consumers through Amazon.com and that it has not authorized any other entity to do so. As in *Yamashita*, "these facts plainly demonstrate that the batteries were advertised, distributed, and eventually brought to [the forum state] by an entity other than LG Chem." *Yamashita*, 2020 WL 4431666, at *10. This is the sort of "unilateral activity of a third party that cannot satisfy the requirement of contact with the forum State,"

because "it is the defendant, *not the plaintiff or third parties*, who must create contacts with the forum State." *Walden v. Fiore*, 571 U.S. at 286, 291 (emphasis added). Here, Plaintiff's purchase of the battery from a third-party vendor does not create the sort of contact between LG Chem and Oregon that would give rise to purposeful availment.

In sum, the Court concludes that LG Chem has not purposefully availed itself of the privilege of doing business in Oregon, but even if Plaintiff had carried the burden of demonstrating purposeful availment, Plaintiff has failed to show that his claims arise out of the contacts between LG Chem and Oregon for the reasons explained in the next section.

## II.     Arising Out of or Relating to Forum-Related Activities

"In order for a state court to exercise specific jurisdiction, 'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" *Bristol-Myers*, 137 S. Ct. at 1780 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014)). In determining when a plaintiff's claims arise out of a defendant's forum-related conduct, the Ninth Circuit follows the "but for" test. *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007). In other words, the plaintiff "must show that he would not have suffered an injury 'but for' [the defendant's] forum-related conduct." *Id.*; *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013) (the "but for" test applies when "a lawsuit arises out of a defendant's contacts with the forum state if a direct nexus exists between those contacts and the cause of action.").

Here, Plaintiff's claims relate to a defective lithium-ion battery in his e-cigarette. LG Chem has presented unrebutted evidence that it does not design, manufacture, or sell 18650 lithium-ion batteries for standalone use by individual consumers and does not license other entities to do on its behalf. Lee Decl. ¶¶ 12-13. Further, LG did not sell or distribute any 18650 lithium-ion cells to any customer located in Oregon in the three years leading up to Plaintiff's injury in August of 2019. *Id.* at ¶ 15. In the absence of such activity in Oregon, Plaintiff cannot establish that his claims "arise out of" LG Chem's connections to Oregon, such as they are. There is no nexus between Plaintiff's claim and LG Chem's sale of batteries for use in other applications, such electric scooters, e-bikes, or electric vehicles. *See Yamashita*, 2020 WL 4431666, at *11 (finding no specific personal jurisdiction where the plaintiff's "particular claims have no connection to LG Chem's sale of batteries to other manufacturers for incorporation into electric vehicles, power tools, phones, or laptops,").

In addition, Plaintiff alleges that LG Chem acts through a network of subsidiary companies. However, "[i]t is well established that, as a general rule, where a parent and a subsidiary are separate and distinct corporate entities, the presence of one . . . in a forum state may not be attributed to the other." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1071 (9th Cir. 2017) (quoting *Holland Am. Line* 485 F.3d at 459). The court cannot impute the parent company's contacts to the subsidiary, or vice versa, absent allegations of agency, alter ego, or a similar relationship. *See id.* at 1071 n.5 (explaining that where a plaintiff has not met the

standard for finding an agency relationship nor "spelled out an alter ego theory of liability allowing [the court] to attribute the activities of the parent entity to the subsidiary," the contacts one corporation would not be attributed to the other). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers*, 137 S. Ct. at 1781. Accordingly, the Court concludes that specific jurisdiction over LG Chem cannot be established based on action taken by subsidiary companies.

On this record, the Court concludes that Plaintiff has not established that he would not have sustained his injuries "but for" the forum-related activities of LG Chem. Because Plaintiff has not carried his burden under the first or second prong of the specific jurisdiction test, there is no need for the Court to consider whether the exercise of jurisdiction would be reasonable under the third prong. *Picot*, 780 F.3d at 1213 n.2.

### III.    Jurisdictional Discovery

Plaintiff requests leave to conduct jurisdictional discovery. "A court may permit discovery to aid in determining whether it has personal jurisdiction." *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp.2d 1074, 1093 (C.D. Cal. 2010) (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). Jurisdictional discovery is discretionary and "may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto*, 539 F.3d at 1020. Generally, "a refusal to grant discovery to establish jurisdictions is not an

abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," but discovery should be granted when the "jurisdictional facts are contested or more facts are needed." *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (internal quotation marks and citation omitted).

Here, the Court concludes that Plaintiff has not demonstrated that pertinent facts bearing on the question of jurisdiction of controverted or that discovery would demonstrate facts sufficient to constitute a basis for jurisdiction and so the Court will deny jurisdictional discovery.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss, ECF No. 9, is GRANTED and this case is DISMISSED. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___23rd___ day of August 2022.

 /s/Ann Aiken _____
ANN AIKEN
United States District Judge