IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

NATHAN MEHL,                      Civ. No. 6:21-cv-01149-AA

            Plaintiff,                **OPINION & ORDER**

    v.

LG CHEM LTD.;
DOES 1-50,

           Defendants.

_____

AIKEN, District Judge.

       This case comes before the Court on Plaintiff's Motion for Reconsideration. ECF No. 18. The Court concludes that this motion is appropriate for resolution without oral argument. For the reasons set forth below, the Court concludes that reconsideration is appropriate in order to address the issues raised by Plaintiff and also to consider a recent decision of the Ninth Circuit. The Court therefore GRANTS Plaintiff's motion. However, as discussed below, the outcome of the case is not altered on reconsideration and the case remains dismissed based on a lack of personal jurisdiction over Defendant.

**LEGAL STANDARDS**

       Under Federal Rule of Civil Procedure 59(e), a party may move "to alter or amend" a judgment within 28 days of its entry. Fed. R. Civ. P. 59(e). "A district

Page 1 –OPINION & ORDER

court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1059, 1063 (9th Cir. 2003). A motion for reconsideration under Rule 59(e) is, however, an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). A district court may grant a Rule 59(e) motion is it "is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1252, 1255 (9th Cir. 1999) (en banc) (internal quotation marks and citation omitted, emphasis in original).

## DISCUSSION

Plaintiff asserts that the Court committed clear error by (1) failing to discuss the effect of the Supreme Court's decision in *Ford Motor Company v. Montana Eighth Judicial District Court*, 592 U.S.___, 141 S. Ct. 1017 (2021) and (2) by relying on the reasoning of the factually-similar case *Yamashita v. LG Chem*, CIV NO. 20-00129-DKW-RT, 2020 WL 7685224 (D. Haw. May 7, 2020), which was on appeal at the time of this Court's decision.

In the months since the Court's decision, the Ninth Circuit has issued a decision in *Yamashita v. LG Chem, Ltd.*, 64 F.4th 496 (9th Cir. 2023), in which it applied reasoning of *Ford* to the facts of that case and determined that *Ford* did not alter the district court's conclusion that it lacked personal jurisdiction over LG Chem. To the extent that the Court erred by failing to discuss the effect of *Ford*, the Court

remedies that deficiency now with reference to the Ninth Circuit's decision in *Yamashita*.

In *Yamashita*, as in the present case, the plaintiff brought suit against LG Chem Ltd. alleging that it had negligently manufactured and distributed an 18650 lithium-ion battery used to power an electronic cigarette and, as in the present case, the battery exploded causing injury to the plaintiff. *Yamashita*, 62 F.4th at 501. As here, LG Chem moved to dismiss on the basis of lack of lack of personal jurisdiction.

In *Yamashita*, the Ninth Circuit noted that LG Chem has "significant involvement in the sale of residential solar batteries in Hawaii" and representatives of LG Chem visited Hawaii for reasons related to that business. *Yamashita*, 62 F.4th at 501. There is no indication of similar activity in the present case. However, like the present case, there was evidence of LG Chem products being shipped through ports in the forum state and that various consumer products were sold in the forum state that contained LG Chem-produced batteries, including the 18650 batteries. *Id.* In addition, there was evidence that third parties were selling standalone LG Chem 18650 batteries, although, as here, there was no indication of how the third party was acquiring the batteries and there was evidence from LG Chem that is did not authorize such sales. *Id.*

In *Yamashita*, the Ninth Circuit applied the purposeful availment test discussed in this Court's prior opinion. *Yamashita*, 62 F.4th at 503-04. The Ninth Circuit rejected both the contention that the sale of consumer products containing 18650 batteries and the sale of standalone batteries by third parties created

purposeful availment. *Id.* at 504. This Court reached the same conclusion in its prior Order. However, the Ninth Circuit held that evidence that LG Chem products passed through Hawaiian ports was sufficient to establish purposeful availment because LG Chem "relied on the laws of Hawaii to protect their property while it was located within its jurisdiction." *Id.* This Court reached a contrary conclusion concerning purposeful availment based on the passage of LG Chem products through Oregon ports and, in light of *Yamashita*, the Court concludes that LG Chem did purposefully avail itself of the protection of Oregon law based on the use of Oregon ports.[1]

The Court must therefore turn to the question of whether Plaintiff's claim "arose out of or related to" LG Chem's contacts with Oregon. "The Supreme Court announced in *Ford* that 'arise out of' and 'relate to' are alternatives: for a claim to arise out of a defendant's forum contacts requires causation, while a claim can relate to those contacts, even absent causation, where, for example, 'a company . . . serves a market for a product in the forum State and the product malfunctions there.'" *Yamashita*, 62 F.4th at 504-05 (quoting *Ford*, 141 S. Ct. at 1026-27).

For the reasons discussed in the Court's prior Order, the Court concludes that Plaintiff's claim did not "arise out of" LG Chem's contact with Oregon.[2] However, the Court must still address the "relate to" formulation. In *Ford*, the plaintiffs were residents of Montana and Minnesota who alleged that they were injured by defective vehicles (a Crown Victoria and an Explorer) that had been built by Ford. *Ford*, 141

---

[1] The Ninth Circuit also found that LG Chem's solar battery business created purposeful availment in Hawaii. *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 504 (9th Cir. 2023). That issue is not present here.
[2] The Ninth Circuit reached the same conclusion in *Yamashita*. 62 F.4th at 506.

S. Ct. at 1028. The specific cars in question had been sold outside of the forum states and later resold to the residents of the forum states. *Id.* at 1029. However, Ford *did* advertise, sell, and service the same models of car in both of the forum states, among other efforts aimed at "encourage[ing] Montanans and Minnesotans to become lifelong Ford drivers." *Id.* at 1028. "In other words, Ford had systematically served a market in Montana and Minnesota for the very vehicles that the plaintiffs allege malfunctioned and injured them in those States. So there is a strong relationship among the defendant, the forum, and the litigation—the essential foundation of specific jurisdiction." *Id.* at 1028 (internal quotation marks and citation omitted). As such, the Supreme Court held that Ford was subject to personal jurisdiction in those states.

Returning to *Yamashita*, the Ninth Circuit observed that "*Ford* explicitly stated that did not address a scenario in which Ford sold other models in the forum state but marketed the models in question in only a different state or region," and nor had the Ninth Circuit itself "addressed a scenario in which the defendants had extensive forum contacts, and the main question was whether they sufficiently related to the plaintiff's injury." *Yamashita*, 62 F.4th at 505.

In applying the relatedness analysis from *Ford*, the Ninth Circuit found that only LG Chem's use of Hawaii's ports and the marketing and sale of solar batteries in Hawaii counted as forum contacts. *Yamashita*, 62 F.4th at 506. The Ninth Circuit rejected the plaintiff's argument that his injury was related to the use of the ports simply because "Yamashita was injured by a battery, and shipments of raw materials

Page 5 –OPINION & ORDER

to the extent these types of products go into lithium-ion battery production." *Id.* (internal quotation marks omitted). The Ninth Circuit found that argument to be "implausible," noting that "*Ford* found specific jurisdiction because Ford sold the relevant models to consumers in the forum states, not because it shipped raw materials, or even completed cars through those states." *Id.* With respect to the solar panel battery sales, the Ninth Circuit found that "the large batteries installed in stationary solar-power systems and the small portable stand-alone battery at issue here are as different as sedans and 18-wheelers." *Id.* at 506-07. "There is little reason to believe that either firm's port contacts or [LG Chem]'s solar contacts have anything to do with the Hawaii residents' acquisition of 18650 lithium-ion batteries." *Id.* at 507. As such, the Ninth Circuit concluded that the plaintiff's injuries did not arise out of or relate to LG Chem's contacts with Hawaii.

Applying the reasoning of *Ford* and *Yamashita* to this case, there is little to connect the use of Oregon ports by LG Chem with the acquisition of 18650 batteries by Plaintiff or any other resident of Oregon. As such, the Court concludes that Plaintiff's claims do not "relate to" LG Chem's Oregon contacts.

In sum, the Court amends its prior decision to incorporate the above discussion applying the "relate to" test from *Ford* and to consider the Ninth Circuit's recent decision in *Yamashita*. However, for the reasons discussed above, outcome of the case is not altered—the Court still lacks personal jurisdiction over LG Chem and this case remains dismissed.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration, ECF No. 18, is GRANTED and the Court's prior decision, ECF No. 16, is amended as set forth above. However, the Court's ultimate conclusion concerning personal jurisdiction remains unchanged and the Court declines to alter its Judgment of Dismissal, ECF No. 17.

It is so ORDERED and DATED this \_\_\_22nd\_\_\_ day of September 2023.

/s/Ann Aiken
ANN AIKEN
United States District Judge